## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 13 2016, 5:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth Ann Johnson
Suzy St. John
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andre Thomas, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 13, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1508-CR-1092 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Clayton A. Graham, Judge <br><br> Trial Court Cause No. <br> 49G07-1408-CM-38329 |

**Pyle, Judge.**

# Statement of the Case

Andre Thomas ("Thomas") appeals the trial court's order that he pay probation fees. Specifically, Thomas argues that the trial court abused its discretion when it ordered him to pay probation fees without first conducting an indigency hearing. Although a trial court is not required to conduct an indigency hearing at the time it orders probation fees, the trial court has a duty to conduct such a hearing before or upon the completion of a defendant's sentence. We therefore remand this case to the trial court to conduct an indigency hearing upon the completion of Thomas' sentence.

We remand.

# Issue

> Whether the trial court abused its discretion when it ordered
> Thomas to pay probation fees without first conducting an
> indigency hearing.

# Facts

In July 2015, Thomas was convicted in a bench trial of Class A misdemeanor criminal trespass. The trial court sentenced him to 365 days in the Marion County Jail, with 357 days suspended to non-reporting probation. Thomas was also ordered to pay a fine and court costs as well as probation fees. The trial court specifically ordered that the probation fees would be "sliding fee scale and/or reduced fee schedule, so that will be based on your income, or sliding fee. . . ." (Tr. 91). At the time of sentencing, Thomas was not employed.

# Decision

[4] Thomas argues that the trial court abused its discretion when it ordered him to pay probation fees without first conducting an indigency hearing. Sentencing decisions include decisions to impose fees and costs. *Johnson v. State*, 27 N.E.2d 793, 794 (Ind. Ct. App. 2015). A trial court's sentencing decisions are reviewed under an abuse of discretion standard. *Id.* An abuse of discretion occurs when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

[5] In the *Johnson* case, Johnson was convicted of two misdemeanors. As a condition of Johnson's probation, the trial court ordered him to pay $340 for probation fees. The trial court also ordered a sliding-fee scale for the payment of these fees but delayed making an indigency determination until more information regarding Johnson's financial situation came to light. *Id.* On appeal, Johnson argued that the trial court abused its discretion when it ordered him to pay probation fees without first conducting an indigency hearing.

[6] This Court pointed out that INDIANA CODE § 33-37-2-3 requires a trial court that imposes costs on a defendant to conduct an indigency hearing. *Id.* However, we further noted that the statute does not specify when the hearing has to be held. *Id.* Because no statutory language required the trial court to conduct an indigency hearing before or directly after ordering probation fees, we concluded that the trial court acted within its authority when it chose to wait

and see if Johnson could pay probation fees before it found him indigent. *Id.* at 794-95. We explained that at the latest, an indigency hearing for probation fees should be held at the time a defendant completes his sentence. *Id.* at 795. We therefore remanded the case to the trial court to conduct an indigency hearing upon the completion of Johnson's sentence. *Id.*

[7] Here, as in *Johnson*, the trial court placed Thomas on a sliding fee scale for probation fees. Pursuant to INDIANA CODE § 33-37-2-3, the trial court has a duty to conduct an indigency hearing at some point in time. Here, the trial court did not conduct such a hearing when it ordered Thomas to pay probation fees. Accordingly, as in *Johnson*, we remand to the trial court to conduct an indigency hearing at the time Thomas completes his sentence.

[8] Remanded.

Kirsch, J., and Riley, J., concur.